CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 2 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MONICA W. JOHNSON, | Civil Action No. 7:12cv00507 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION *et al.*, | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

This is an action by plaintiff Monica W. Johnson against Federal Home Loan Mortgage Corporation ("Freddie Mac"), defendant and successor in interest to Johnson's mortgagee, Wells Fargo Bank N.A. ("Wells Fargo"); trustee, Samuel I. White, PC ("White"); Financial Associates Marketing, Inc. ("Financial Associates"), a Virginia corporation that performs foreclosure rescue services; and Financial Associate's agent, Mark Jennings. Johnson asserts a breach of contract claim against Freddie Mac on the ground that the acceleration notice she received before Wells Fargo initiated foreclosure was deficient under her deed of trust; "an equity action to set aside her foreclosure" against Freddie Mac and White; and a claim under the Virginia Consumer Protection Act, Virginia Code § 59.1-198 against Financial Associates and Jennings. Johnson commenced this action in the Circuit Court for the City of Roanoke, and Freddie Mac removed the action to this court pursuant to 12 U.S.C. § 1452(f) and 12 U.S.C. § 1442.[1] Freddie Mac and

---

[1] Freddie Mac is a United States corporation chartered by Congress and organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451 *et seq.*, with its principal place of business in McLean, Virginia. Section 1452(f) of Title 12 provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28." Because Freddie Mac is a United States corporation, jurisdiction is proper under 28 U.S.C. § 1442, which provides that a civil action commenced in a state court and that is against the United States or any agency hereof may be removed by it to the district court for the district and division embracing the place wherein it is pending. Though White joined in the removal, he had no independent basis to remove the action.

White moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Johnson's own pleadings and the documents she has attached to those pleadings show that she was in default under the note and deed of trust, that Johnson never caught up her arrearages, and that the notice of acceleration she received was in material compliance with her deed of trust, the court grants Freddie Mac and White's motion to dismiss. The court remands to state court Johnson's claims against Financial Services and Jennings.

**I.**

The following material facts are gleaned from Johnson's amended complaint and the exhibits she appended to that complaint: on September 25, 2006, Johnson executed a note with Wells Fargo in the amount of $92,000 for real property located at 4222 Camille Avenue in Roanoke, Virginia, secured by a deed of trust, with White acting as trustee. That note required Johnson to make monthly payments, but Johnson defaulted in mid-2010 by failing to pay. Am. Compl. ¶ 14, ECF No. 8-3. That September, Wells Fargo apprised her of the default and notified her that it was accelerating her loan. Am. Compl. Ex. D, ECF No. 8-3. Johnson "asked to make one payment right away and then catch up the past due payments" later. Am. Compl. ¶¶ 16–21, ECF No. 8-3. Wells Fargo refused her request, reiterating that all back-payments were due immediately. Johnson then contacted Mark Jennings of Financial Associates to assist in avoiding the foreclosure. Am. Compl. Ex. E, ECF No. 8-3.

On November 3, 2010, White notified Johnson in writing that Wells Fargo had initiated foreclosure proceedings. Am. Compl. Ex. F, ECF No. 8-3. Pursuant to her agreement with Jennings, Johnson sent this notice and later notices to Jennings. Johnson alleges that before the

foreclosure sale, Wells Fargo,[2] accepted three payments of $500 that Jennings instructed her to make, but that Wells Fargo did not apply those payments to her account. Am. Compl. ¶¶ 34–35, ECF No. 8-3. Those payments did not make the loan current. According to Johnson, Wells Fargo could have resorted to mortgage insurance to cover her missed payments before resorting to the "unnecessary" foreclosure sale. Am. Compl. ¶¶ 48–51, ECF No. 8-3.

On October 13, 2011, the home sold at auction to Wells Fargo for $58,000.00,[3] and Wells Fargo later assigned all of its rights, title, and interest in the property to Freddie Mac. Am. Compl. Ex. G, ECF No. 8-3. Johnson still resides in the residence, claiming that Wells Fargo simply could have accepted the payments she offered, and its refusal to do so created the situation in which she resides in the house without making regular monthly payments. Am. Compl. ¶¶ 22–23, ECF No. 8-3.

## II.

According to Johnson's amended complaint, Wells Fargo's notice of acceleration constituted a breach of contract because it failed to include language required by her deed of trust. Freddie Mac has moved to dismiss on the grounds that the notice Wells Fargo sent complied with her deed of trust in all material respects. The court agrees and dismisses Johnson's contract claim.[4]

---

[2] While Johnson's complaint alleges that Wells Fargo was acting as Freddie Mac's agent at this time, the documents before this court reflect that Freddie Mac had not acquired an interest in the property prior to the foreclosure and Wells Fargo's subsequent assignment of the property to Freddie Mac.

[3] Johnson asserts that at the time of foreclosure the assessed value of the property in dispute was $112,000.00. Am. Compl. ¶ 46, ECF No. 8-3.

[4] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, the claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs must offer enough facts "to nudge[] their claims across the line from conceivable to plausible," Twombly,

"A deed of trust is construed as a contract under Virginia law," Mathews v. PHH Mortg. Corp., 283 Va. 723, 732 (2012), with two primary purposes: "to secure the lender-beneficiary's interest in the parcel it conveys and to protect the borrower from acceleration of the debts and foreclosure on the securing property prior to the fulfillment of the conditions precedent it imposes," Id. at 732. Under Virginia contract law, "a material breach of contract" is defined as "a failure to do something that is so fundamental to the contract that the failure to perform the obligation defeats an essential purpose of the contract." Countryside Orthopaedics v. Peyton, 261 Va. 242, 154 (2001) (citing Horton v. Horton, 254 Va. 111, 115 (1997)). A deficient acceleration notice may constitute a material breach. See Bayview Loan Serv., LLC v. Simmons, 275 Va. 114, 121–22 (2008) (holding that Virginia Code § 55-59.1(A)—which absolves the secured party and trustee from liability for inadvertent failures to give notice as

---

550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief, Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679. This pleading standard does not require "detailed factual allegations," Twombly, 550 U.S. at 554, and neither does it need to be supported by evidence, Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Yet "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Id. (citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court may "consider the complaint itself and any documents that are attached to it." Gallant v. Deutsche Bank Nat. Trust Co., 766 F. Supp. 2d 714, 719 (W.D. Va. 2011) (quoting CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009)). The court may also consider a document submitted by the defendant if such document "was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal citation omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998); Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Gasner v. Cnty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995)). Cases involving foreclosure claims from both this district and the Eastern District of Virginia commonly handle 12(b)(6) motions in the same manner. See Mabutol v. Fed. Home Loan Mortg. Corp., No. 2:12cv00406, 2013 WL 1287709 (E.D. Va. Mar. 25, 2013); Townsend v. Fed. Nat'l Mortg. Ass'n, No. 3:12cv00045, 2013 WL 549263 (W.D. Va. Feb. 12, 2013); Goodrow v. MacFadyen, No. 3:11cv00020, 2012 WL 6725617 (E.D. Va. Dec. 27, 2012); Condel v. Bank of America, N.A., No. 3:12cv00212, 2012 WL 2673167 (E.D. Va. July 5, 2012); Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714 (W.D. Va. 2011).

4

required by the statute—could not be relied upon to cure the secured party's contractual breach under the deed of trust or immunize the secured party from liability to the borrower for her loss of equity in the parcel wrongfully sold in foreclosure). But immaterial differences in language will not nullify a substantially conforming notice of acceleration. Matanic v. Wells Fargo Bank, N.A., No. 3:12cv00472, 2012 WL 4321634, at *5 (E.D. Va. Sept. 9, 2012); see also Townsend v. Fed. Nat'l Mortg. Ass'n, No. 3:12cv00045, 2013 WL 549263, at *5 (W.D. Va. Feb. 12, 2013) ("[T]he specific language used to convey to borrowers what rights they have is not material to the essential purposes of a deed of trust . . . . Using the words 'the right to argue' rather than 'the right to sue' does not affect these essential purposes.").

> Here, the notice Johnson received from Wells Fargo prior to acceleration reads:
>
> Our records indicate that your loan is in default for failure to make payments due. Unless the payments on your loan can be brought current by October 12, 2010, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure . . . . Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding, which could result in lender or another person acquiring ownership of the property. *If foreclosure is initiated, you have the right to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have.* You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration, and to have enforcement of the Mortgage discontinued and to have the Mortgage Note and Mortgage remain fully effective as if acceleration had never been required.

Am. Compl. Ex. D, ECF No. 8-3 (emphasis added). Section 22 of Johnson's deed of trust relating to acceleration provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. *The notice shall further inform*

5

> *Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.*

Deed of Trust 16, ECF No. 1-6 (emphasis added). According to Johnson, although the notice she received before acceleration informed her of her default, the action she was required to take to cure her default, an appropriate date by which she must cure her default, and the consequences of not curing by that date, the notice was nevertheless deficient because it failed to track Section 22's language requiring the lender to notify the borrower of her "right to bring a court action to assert the non-existence of a default or any other defense of borrower to acceleration and sale." Her claim is indistinguishable from the claim made by another borrower and rejected by the court in Matanic v. Wells Fargo Bank, N.A. The court finds that case instructive and follows it.

The deed of trust in Matanic contained acceleration provisions identical to those contained in Johnson's deed of trust, and when the mortgagors, the Matanics, later defaulted on their loan, they received a notice from their lender, Wells Fargo, containing language identical to the language in the notice Johnson received here. In dismissing the Matanic's breach of contract claim, the court concluded that "despite the absence of the words 'to bring a court action,'" the language contained in the acceleration notice materially complied with the deed of trust by providing the mortgagors with reasonable notice regarding their rights in the event of foreclosure, including their right to assert any legal defenses they might have. Matanic, 2012 WL 4321634, at *5 (citation omitted). According to the Matanic court, though "language used in the Acceleration Letter [might be] slightly different from the language used in the Deed of Trust," that language "in effect [is considered] the functional equivalent." Id. The court found the differences immaterial.

The court agrees with the reasoning of the Matanic court: Johnson received notice that she had "the right to argue" and "to present any other defenses" in the event of foreclosure proceedings—and although the language "was slightly different," it was the "functional equivalent" of the language contained in the deed of trust and reasonably advised Johnson of her rights. Id. Wells Fargo fulfilled the essential purpose of the deed of trust, and the notice of acceleration materially conformed to its requirements. See Countryside Orthopaedics, 261 Va. at 254 (discussing the essential purposes of the contract). Accordingly, Johnson's claim for breach of the deed of trust fails to state a claim for relief, and the court will dismiss it.

### III.

Johnson claims entitlement to equitable relief to set aside her foreclosure. She alleges that Wells Fargo's refusal to accept and apply partial, late payments to her mortgage loan balance or to resort to her mortgage insurance resulted in her home going into foreclosure. The claim is at best specious. Nothing in the note or deed of trust obligated Wells Fargo to accept and apply partial, late payments and forego acceleration and foreclosure,[5] and the mortgage insurance policy she references insures Wells Fargo, not Johnson.[6] But even if equity were not

---

[5] The Deed of Trust reads, in pertinent part,
Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payments insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but *Lender is not obligated to apply such payments at the time such payments are accepted.* If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payments to bring the loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure.
Deed of Trust 5, ECF No. 1-6 (emphasis added). Moreover, Johnson does not state that her offer of payment would have brought her loan current. Rather, her offer would have still left her loan delinquent by at least two months. See Am. Compl. ¶ 23, ECF No. 8-3.

[6] The deed of trust defines the "mortgage insurance" Johnson references as "insurance protecting the Lender against the nonpayment of, or default on, the loan"; and makes it plain that it "reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed" and that the "Borrower is not a party to the Mortgage Insurance." Deed of Trust 10, ECF No. 1-6.

7

tethered to the law, Johnson has not even remotely stated a plausible claim for equitable relief. Indeed, the equities favor Freddie Mac, not Johnson. Consequently, the court dismisses the claim.

## IV.

Before Freddie Mac removed this case, Johnson obtained an entry of default in the Circuit Court for the City of Roanoke against Jennings and Financial Associates for failing to file timely responsive pleadings there. Apart from Freddie Mac's removal, there would have been no independent basis to assert jurisdiction in this court over those parties, and there is no reason for the case against them to remain here now. Consequently, the court remands the case against Jennings and Financial Associates to the Circuit Court for the City of Roanoke pursuant to 28 U.S.C. § 1367(c).[7]

## V.

For the reasons stated, the court dismisses Johnson's complaint against Freddie Mac and White, and remands the case against Jennings and Financial Services to the Circuit Court for the City of Roanoke.

**ENTER:** July 11, 2013.

UNITED STATES DISTRICT JUDGE

---

[7] "Given that the federal claims have been dismissed, the [c]ourt must determine whether to continue to exercise supplemental jurisdiction over the state law claims, or remand the case to state court." J.S. ex rel. Simpson v. Thorsen, 766 F. Supp. 2d 695, 712 (E.D. Va. 2011). The doctrine of supplemental jurisdiction provides that federal courts have discretion to retain or dismiss non-federal claims when the federal basis for an action is no longer applicable. See 28 U.S.C. § 1367. In the interest of avoiding "[n]eedless decisions of state law," the Supreme Court has stated that, when "federal claims are dismissed before trial . . . state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). See also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (noting "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished").

8